■ In the Matter of the Arbitration between DAVID STEINBERG, Appellant, and ARTHUR STEINBERG et al., Respondents. In the Matter of the Arbitration between BRUCE STEINBERG et al., Appellants, and ARTHUR STEINBERG et al., Respondents.— Consolidated judgment, Supreme Court, New York County,

entered May 15, 1974, denying appellants' applications to stay arbitration, unanimously modified, on the law, so as to stay arbitration of any claims that accrued more than six years prior to June 13, 1973. Except as so modified, the judgment is affirmed, without costs and without disbursements. In 1966 appellant David Steinberg commenced an arbitration proceeding claiming respondents had breached several real estate partnership agreements. Respondents counterclaimed alleging that this appellant was proceeding in bad faith and without reasonable cause. An award, rejecting the claims made by all parties, was rendered in 1970. Thereafter, in 1971, respondents, contending that David Steinberg had commenced the 1966 arbitration wrongfully and in bad faith, served a demand for arbitration seeking damages as well as a determination of the value of David Steinberg's interest in three of the partnerships and the value of his sons', appellants Bruce and Mark Steinberg, interests in one of those partnerships. Additionally, in that arbitration proceeding respondents sought a determination directing appellants to transfer their particular partnership interests, at their appraised values, to certain of the respondents. In modifying Special Term's stay of the second arbitration, this court held that although the arbitrator had power to direct dissolution of the partnerships involved, the grounds asserted for dissolution had not been set forth and further that the damages allegedly occasioned by reason of the prior arbitration were not arbitrable and were barred by *res judicata*. Respondents were afforded the opportunity of serving a new demand specifying the grounds for dissolution (*Matter of Steinberg [Steinberg]*, 38 A D 2d 57, affd. 32 N Y 2d 671). Respondents have now served a new demand for arbitration setting forth five grounds for the dissolution of the three partnerships. Since the allegations forming the basis for appellants' claimed breach of the partnership agreements are not predicated on the charge that David Steinberg tortiously commenced the 1966 arbitration but consist, in part, of allegations concerning events arising subsequent to 1966, neither direct nor collateral estoppel may be invoked. Bruce and Mark Steinberg's contention that the charge, that they condoned and approved the acts of David Steinberg, does not set forth an arbitrable dispute, was impliedly rejected by our prior decision and is expressly rejected now. However, respondents have included in their demand claims relating to events occurring as distant in time as 1953. Since the 1971 demand did not give notice of the claims which are presently being asserted and since David Steinberg's absence from the State of New York did not toll the Statute of Limitations, it appearing that throughout the period in controversy he was a domiciliary of the State subject to service of process, the relevant date from which the Statute of Limitations must be measured is June 13, 1973, the date of the present demand. Concur — Murphy, J. P., Tilzer, Lane and Yesawich, JJ.